5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond ALLWEIL, Defendant-Appellant.
 No. 92-50260.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1993.
Decided Sept. 22, 1993.
 
 Appeal from the United States District Court, for the Southern District of California, D.C. No. CR-91-0634-02-H; Marilyn L. Huff, District Court Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before: KOZINSKI, SILER* and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant, Raymond Allweil, appeals his jury conviction for conspiracy to commit bank robbery and aiding and abetting bank robbery, in violation of 18 U.S.C. Secs. 2, 371, and 2113(a).
 
 
 3
 Prior to trial, codefendant Rita Bennett entered a guilty plea to conspiracy to rob three banks on June 5, 1991 (Count I). In the written plea agreement, Bennett affirmed that "she is in fact guilty of conspiring with codefendant Raymond Allweil in robbing three separate banks ... as set forth in Count One of the Superseding Indictment ... [where] defendant Bennett acknowledges that codefendant Allweil wrote the demand notes." Six days prior to entering her guilty plea, Bennett allegedly explained the events surrounding the robberies to defense investigator Veronica Gires. In the discussion, Bennett allegedly stated that she never made any kind of agreement with defendant to rob the banks together and never secured, either explicitly or implicitly, his agreement to participate in the robberies.
 
 
 4
 At trial, defendant subpoenaed Bennett to testify, but Bennett stated that she would assert her Fifth Amendment rights if called as a witness. Defendant then sought a grant of immunity from the government on the ground that Bennett could provide "highly relevant" testimony material to his defense. The government refused and the court declined to take further action.
 
 
 5
 After the trial, defendant filed a motion for new trial, requesting that the district court reconsider its previous rulings and hold a Westerdahl hearing to determine whether there was any distortion of the fact-finding process by the fact that Bennett did not testify during the trial. The district court denied the motion.
 
 I. Warrantless Arrest
 
 6
 Defendant argued that his arrest made without a warrant was a Fourth Amendment violation. However, a warrantless arrest of a suspect made in a public place does not violate the Fourth Amendment. United States v. Driver, 776 F.2d 807, 809 (9th Cir.1985).
 
 
 7
 At the time of his arrest, defendant was about to enter his car parked in the lot surrounding the condominium complex where he resided. Defendant was parked in another tenant's parking space, in an area not locked or guarded to prohibit public entrance. Defendant shared access to the parking lot and could not control who entered the lot. Although the lot was bordered by a fence, public viewing of the lot was possible. Moreover, the use of prohibitive signs did not guarantee Fourth Amendment protections. Thus, in light of the foregoing, defendant did not have a reasonable expectation of privacy in the parking lot. As probable cause existed for defendant's arrest, the district court properly allowed the evidence seized to be admitted at trial. See United States v. Dunn, 480 U.S. 294, 300-301 (1987).
 
 II. Witness Immunity
 
 8
 The government may secure immunity under 18 U.S.C. Secs. 6002-6003 for a witness whose testimony "may be necessary to the public interest." However, a defendant has no absolute right to have immunity granted to a witness. United States v. Shirley, 884 F.2d 1130, 1133 (9th Cir.1989). The district court can, however, dismiss the indictment when the government's refusal so distorts the fact-finding process that it denies the defendant a fair trial and raises the inference of prosecutorial misconduct. United States v. Westerdahl, 945 F.2d 1083, 1086 (9th Cir.1989). The defendant must show that: (1) the testimony would be relevant, although not necessarily "clearly exculpatory"; and (2) the government engaged in misconduct either by inducing a witness not to testify in favor of the defendant or using its immunity powers selectively to favor conviction. Id. at 1086-87.
 
 
 9
 Bennett voluntarily and intelligently elected to plead guilty to the conspiracy charge. The government did not refuse to accept a guilty plea to the substantive bank robberies only, nor did it pressure or coerce Bennett's guilty plea. Likewise, the government did not coerce or "persuade" Bennett to invoke her Fifth Amendment privileges at defendant's trial. In fact, Bennett's counsel moved to quash the subpoena because Bennett had not been sentenced for her crimes, thereby avoiding any acts that might be detrimental to her sentencing. See United States v. Patterson, 819 F.2d 1495, 1506 (9th Cir.1987). Thus, defendant failed to show that the government acted deliberately to distort the "judicial fact-finding process." United States v. Mohney, 949 F.2d 1397, 1402 (6th Cir.1991), cert. denied, 112 S.Ct. 1940 (1992).
 
 III. Hearsay Testimony
 
 10
 A district court may admit hearsay declarations under Federal Rule of Evidence 804(b)(3) when: (1) the declarant is unavailable to testify; (2) the statement is against the declarant's penal interest; (3) the statement is corroborated; and (4) the statement is relevant to the defense. United States v. Slaughter, 891 F.2d 691, 697 (9th Cir.1989), cert. denied, 112 S.Ct. 3053 (1992). Applying these factors, the record shows that defendant established Bennett's unavailability, but failed to establish the three remaining factors.
 
 
 11
 First, although Bennett made the statements regarding the bank robberies to Gires prior to her guilty plea, she intended to enter a guilty plea on November 12, 1991. Thus, the statements were not against her penal interest.
 
 
 12
 Second, defendant's testimony about his involvement in the robberies, or lack thereof, and about Bennett's successful robberies without his assistance, did not clearly indicate the trustworthiness of Bennett's statements. See United States v. Rhodes, 713 F.2d 463, 473 (9th Cir.1983), cert. denied, 464 U.S. 1012 (1983), and cert. denied sub nom. Dudley v. United States." Bennett admitted having an alcohol problem and defendant testified that she was intoxicated the day before the robberies. Thus, her memory of the events was questionable. Moreover, Bennett stated in the written plea agreement that she conspired with defendant to rob the banks.
 
 
 13
 Finally, as the record sufficiently established defendant's guilt, the statements were irrelevant to his defense. Defendant's fingerprints were on two of the three demand notes, he was with Bennett at the time of the robberies, and he was later seen "casing" banks with Bennett. In addition, defendant admitted to writing the demand notes and being with Bennett on the day of the robberies. In light of this overwhelming evidence, Bennett's statements would have offered little, if any, assistance to defendant's defense. Thus, the district court did not err by refusing to admit the hearsay statements.
 
 IV. Admission of Evidence
 
 14
 As the defense chose not to elicit testimony regarding Bennett's June 19, 1991, robbery, defendant cannot argue on appeal that the district court's omission of the evidence was an abuse of discretion. The district court allowed the parties to present evidence of Bennett's prior robberies. At trial, defense counsel asked Allweil whether he was involved in the April 25, 1991, robbery. However, he chose not to raise the June 19, 1991, robbery due to potential negative implications to defendant's case. Thus, defendant's "selective admission" argument has no basis.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr. United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3